UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL L. SERWE,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware Foreign Corporation, *et. al.,*

    Defendants.

Case No. 2:16-cv-00017-MMD-NJK

ORDER

(Re: Def's Motion to Exclude — ECF No. 29)

## I. SUMMARY

Before the Court is Defendant Wal-Mart Stores, Inc.'s ("Walmart") Motion to Exclude Testimony from Plaintiff's Treating Physicians and Evidence of Plaintiff's Medical Billing Pursuant to FRCP 37 ("Motion"). (ECF No. 29.) Plaintiff Michael Serwe ("Serwe") filed a response (ECF No. 32); and Walmart has replied (ECF No. 33.) For the reasons discussed, below the Motion is denied

## II. BACKGROUND

Serwe alleges that on June 3, 2014, he was riding his bicycle across Walmart's parking lot when he crashed and injured himself. (ECF No. 1-2 at 3.) Serwe appears to assert a single claim for negligence. (ECF No. 1-2.)

There is no dispute that Plaintiff has not disclosed any expert witness in this case. In Plaintiff's disclosures dated April 22, 2016, Plaintiff identified among witnesses his treating physician, Kirk Mendez, M.D., and the "Custodian of Records" for Mountain View Hospital ("the Hospital"), and disclosed billing records from the Hospital. (ECF No. 29-6 at 3-5.) Plaintiff's disclosures state that Dr. Mendez is "expected to testify regarding the facts and circumstances surrounding the incident on June 3, 2014." (*Id.* at 3.)

## III. DISCUSSION

Walmart argues that Dr. Mendez should be excluded from testifying as an expert witness because Plaintiff fails to disclose him as an expert.[1] (ECF No. 29 at 10.) Plaintiff counters that Dr. Mendez is expected to testify as to his treatment of Plaintiff, and not as a retained expert. (ECF No. 32 at 4-5.)

Treating physicians may testify as to "opinions that were formed during the course of treatment" without providing a written report. Fed. R. Civ. P. 26(a)(2)(B); *see Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011) (holding that a treating physician is exempt from Rule 26(a)(2)'s requirement to provide a written report, but when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)). Walmart seems to suggest that causation cannot fall within opinions formed during the course of treatment. However, a treating physician may have to determine the cause of injuries as part of the treatment. Thus, to the extent Dr. Mendez determined the cause of Plaintiff's injuries as part of the course and scope of his treatment, then Dr. Mendez may testify as to this matter. Dr. Mendez, however, may not render expert opinions that exceed the scope of his treatment of Plaintiff.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Walmart's Motion.

///
///
///
///

---

[1] Walmart also argues that evidence of the medical billings should be excluded absent testimony from an expert witness as to the reasonableness of the bills. (ECF No. 29 at 19-20.) However, it is not clear to the Court that Dr. Mendez cannot testify as to the reasonableness of the medical bills as part of his treatment of Plaintiff.

It is therefore ordered that Defendant's Motion Exclude Testimony from Plaintiff's Treating Physicians and Evidence of Plaintiff's Medical Billing Pursuant to FRCP 37 (ECF No. 29) is denied.

DATED THIS 7th day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE